UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BARE BODY LASER SPA, INC.,

                              Plaintiff,

-v-

BANKERS HEALTHCARE GROUP, LLC, *et al.*,

                              Defendants.

23 Civ. 9951 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    On November 13, 2023, the Court ordered counsel for the removing defendant, John M. Billings, to serve on all other parties and submit to the Court within 14 days a letter providing the following information:

1. Whether all defendants who had been served at the time of removal joined in the notice of removal.

2. Whether the notice of removal was dated more than 30 days after the first defendant was served.

3. If the action has been removed on the grounds of diversity jurisdiction, the citizenship of all named plaintiffs and all named defendants (including the citizenship of all members or partners in any non-corporate entity), if such states of citizenship were not set forth in the notice of removal.

Dkt. 7. As of November 30, 2023, no such letter has been filed. The Court therefore orders as follows. First, Billings's counsel must file the letter contemplated in the Court's earlier order, and serve a copy on each other party, by **December 5, 2023**. Second, Billings's counsel must serve a copy of this order on each other party by **December 5, 2023**. Proof of service must be filed promptly with the Court.

    Upon its review of Billings's notice of removal, the Court notes a potential defect. A notice of removal must "be filed within 30 days after the receipt by the defendant" of the initial

pleading or summons, "whichever period is shorter." *Id.* § 1446(b)(1). And within that thirty-day window, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). Billings's notice of removal states that plaintiff Bare Body Laser Spa, Inc. ("Bare Body") served defendant Bankers Healthcare Group, LLC ("Bankers") on October 9, 2023; that is, more than a month before Billings removed this case. Dkt. 1 at 2. Defendants "must independently express their consent to removal." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012); *see also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021) (where "a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent"). Billings's initial notice nowhere indicates that Bankers consents to removal. Nor has Bankers elsewhere indicated its consent.

To be clear, the Court has not reached a definitive conclusion on this issue. Indeed, in any case, the Court lacks the power to remand *sua sponte* for such a defect. *See* Wright & Miller, *Federal Practice and Procedure* § 3739.2 (4th ed.). The Court merely raises this concern to ensure the focused attention of counsel. The Court reminds plaintiff that any motion to remand the action to state court must be filed within 30 days of removal (that is, by **December 10, 2023**). *See* 28 U.S.C. § 1447(c).

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: November 30, 2023
　　　　New York, New York